J^FITZSIMMONS, J.
Jerry Montalbano appeals a decision of the Office of Workers’ Compensation, denying his claim against his former employer, Weyerhaeuser Company (Weyerhaeu-ser) [1], for supplemental earnings benefits (SEB). After a thorough review of the submitted evidence and the applicable law, this court affirms.

BACKGROUND

Jerry Montalbano was employed as a market development manager/outside salesman for Weyerhaeuser until the company closed its Louisiana facility in December 1999. On August 26,1999, approximately four months prior to the closure, Mr. Montalbano had been involved in a motor vehicle accident during the course and scope of his employment at Weyer-haeuser. He aggravated a preexisting back condition. After the accident, he returned to work for Weyerhaeuser and he was earning a weekly wage of $813.77 at the time of Weyerhaeuser’s closure. From January 3, 2000, until March 31, 2000, Mr. Montalbano was employed by Philips Abita Lumber Company, where he earned a gross salary of $865.39 per week, plus a two percent commission for profits above twenty-one percent of gross margin. After voluntarily leaving Philips Abita Lumber Company, Mr. Montalbano purchased a franchise of Cottman Transmission (Cottman’s). He worked full-time at Cott-man’s until he hired a full-time manager in March 2001.
Mr. Montalbano contends that he is entitled to SEB payments subsequent to April 1, 2001. Following trial, the Office of Workers’ Compensation determined that Mr. Montalbano’s earning capacity exceeded the ninety percent threshold established pursuant to La. R.S. 23:1221(3). The court further noted that|sMr. Montal-bano had “either held jobs and quit, was offered jobs he refused or was shown jobs available for which he declined or was not selected;” therefore, he was not entitled to SEB payments.
On appeal, Mr. Montalbano asserts error in the Office of Workers’ Compensation’s conclusion that: (1) Mr. Montalba-no’s earning capacity exceeded the ninety percent threshold; (2) Mr. Montalbano either held jobs and quit, was offered jobs he refused or was shown jobs available for which he declined; and (3) Mr. Montalba-no was physically able to perform certain employment but had removed himself will *425 fully from the workforce as a matter of personal convenience.

DISCUSSION

Mr. Montalbano’s wages at Philips Abita Lumber Company were higher wages than the sum he had received from Weyerhaeu-ser. Additionally, W. Wallace Poole, Jr. testified that at the time of Weyerhaeu-ser’s closure, he had offered Mr. Montalba-no a sales position at Poole Lumber Company which would have paid approximately the same salary that Mr. Montalbano had been earning at Weyerhaeuser. Thus, the gravamen of Mr. Montalbano’s claim for entitlement to SEB payments centers on his assertion that he resigned from Philips Abita Lumber Company because he was no longer able to perform its physical demands as a result of the 1999 vehicular accident.
At trial, testimony by several individuals indicated that Mr. Montalbano voluntarily terminated his position with Philips Abita Lumber Company for the purpose of participating in the Cottman’s franchise venture. After receiving evidence from both sides, the workers’ compensation judge made the credibility determination that Mr. Montalbano’s departure from Philips Abita Lumber Company was not due to physical demands, but rather was because of his desire to become involved in a private monetary enterprise.
[4This court may not set aside the findings of fact of the workers’ compensation judge in the absence of manifest error or unless they are clearly wrong. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). When there is conflicting testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on appeal. Id. In the instant case, the documents and objective evidence do not so contradict a witness’s story, nor is the story itself so inconsistent or implausible, that a reasonable person would not credit the story. Rossell v. ESCO, 549 So.2d at 844-845. Although the report of Dr. John Schuhmacher, who was consulted for a second opinion, presents some conflicting medical evidence relative to the interpretation of an MRI test and Mr. Montalbano’s diagnosis, the record is replete with other medical evidence demonstrating that the condition of his back had returned to its pre-accident status. The court’s acceptance of this latter medical opinion is not unreasonable. Id. Thus, we do not ascribe manifest error to the factual determinations of the workers’ compensation judge that Mr. Montalbano elected not to take or remain in positions offering a salary that exceeded ninety percent of his Weyerhaeu-ser salary and that those positions did not exceed his physical capabilities.
Accordingly, the judgment of the Office of Workers’ Compensation is affirmed. All costs associated with this appeal are assessed to Jerry Montalbano.
AFFIRMED.

. Although the spelling of the defendant’s name is different in the caption and judgment, it is evident from the record that the foregoing represents the correct spelling of the name.